Terry W. SCHNEIDER, Appellant,

v.

COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT OF VEHICLE REGULATION, Appellee.

No. 88–CA–1341–S.

Court of Appeals of Kentucky.

Feb. 2, 1990.

Rehearing Denied June 8, 1990.

Charles L. Turner, Louisville, for appellant.

William H. Wallace, Louisville, for appellee.

Before HOWERTON, C.J., and EMBERTON and HOWARD, JJ.

EMBERTON, Judge:

Appellant, Terry Schneider, appeals the Jefferson Circuit Courts' order affirming the revocation of his license by the department of transportation pursuant to KRS 186.565. We affirm.

Schneider was arrested and charged with driving while intoxicated by City of Louisville police officer Ronald Hunt. He was transported downtown and placed in custody of Jefferson County corrections personnel. Officer Hunt made no request to Schneider that he take a breathalyzer test; however, a request was later made by Donald Benner, a corrections employee. Upon Schneider's refusal to submit to the test Benner advised him, pursuant to KRS 186.-565(3) that his license could be revoked because of such refusal. He continued to refuse and, after proper notice a hearing was held September 16, 1987, regarding the possible revocation of his license. Neither he nor his attorney was present, however, an associate of Schneider's attorney did appear and advised the court that a letter was mailed on September 11, 1987, requesting a continuance. One hour before the hearing, no such request had been received. The hearing then took place, with Officers Hunt and Benner testifying. On cross-examination, Benner stated he was a "[s]worn peace officer, but not police officer." [1]

1. KRS 196.037. Cabinet personnel to have powers of peace officers.—All personnel of the cabi-

Schneider's license was ultimately revoked for six months. An appeal to the Jefferson Circuit Court was unsuccessful.

█ On appeal, Schneider raises two issues. Initially, he argues that "good cause" for continuing the hearing was shown, and it should not have been held. KRS 186.565(4) provides that "[i]f the person shall fail to attend the show cause hearing without good cause shown the secretary shall forthwith revoke the person's license...." It does not state that the cabinet must, upon a showing of a sufficient valid reason, continue a scheduled hearing, and that failure to do so is error. As we read it, the statute allows the secretary to summarily revoke a license without further consideration of any evidence, should the party in question fail to appear, or fail to have a good excuse for not appearing. In this case a hearing was held, and the secretary considered the testimony before revoking Schneider's license. Thus, the statute is more than satisfied, and Schneider's first argument fails.

In Schneider's second argument he raises two questions concerning KRS 186.565(3).[2]

Schneider first contends that the statute requires the *arresting* officer to request the taking of the test, and to warn of the consequences of failure to do so. We interpret the statute to require only that the request and warning come from a "law enforcement officer."

This leads to Schneider's second point, namely, that officer Benner was not a law enforcement officer, and, thus, had no authority to either ask Schneider to take the test or advise him of the possible result if he refused.

█ We find no specific definition of "law enforcement officer." However, it seems clear that Benner is a "sworn public peace officer" with Jefferson county corrections.[3] Therefore, Officer Benner, as a sworn public peace officer, has derived from Jefferson County certain law enforcement authority. We conclude that this authority qualifies him as a "law enforcement officer" for purposes of KRS 186.565, and renders his actions, taken pursuant to that statute, proper.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.

net, while acting for the cabinet in any capacity entailing the maintenance of custody over any prisoners, shall have all the authority and powers of peace officers.

2. KRS 186.565(3). If a person under arrest refuses upon the request of *a law enforcement officer* to submit to a test designated by the law enforcement agency as provided in subsection (1) of this section, *the requesting officer* shall warn the person of the effect of his refusal to submit to the test. If the person again refuses, none shall be given.... (Our emphasis.)

3. KRS 61.900(7) defines a sworn peace officer as one who "derives ... law enforcement powers from, and is a full-time employee of ... the Commonwealth, or any political subdivision ... or of any municipality."

KRS 446.010(24). "Peace Officer" includes sheriffs, constables, coroners, jailers, metropolitan correctional officers, marshals, policemen and other persons with similar authority to make arrests.